Whaley, Chief Justice,
delivered the opinion of the court r
The plaintiff entered into a written contract with the defendant through the head of the Procurement Division,, Treasury Department, on July 12, 1937, under which it undertook to furnish all labor and materials for the construction of a new post office building at Orange, Massachusetts,, in strict accordance with the plans and specifications, for the price of $47,740 for the work complete. The work was to be finished within 300 calendar days from receipt of notice to proceed. This notice was given on July 30, 1937, which fixed the completion date as May 27,1938. Before bids were called the defendant dug four test pits around the site of the proposed building in order to determine the type of foundations that might be necessary. No one of these pits, extended within the site of the building proper. They all showed rock at varying depths with the exception of Pit No. 3. This data was furnished .to the plaintiff in the draw *509 ings before it made its bid, and the specifications contained the following clause:
10. Visit to Site of Building. — Bidders are requested to visit the site of the building, compare the specifications with any work in place, and inform themselves as-to all conditions, including other work, if any, being performed, and failure to do so will in no way relieve the successful bidder from the necessity of furnishing any materials or performing any work that may be required to complete the work in accordance with the true intent and meaning of the drawings (if any) and specifications without additional cost to the Government.
The plaintiff did not send a representative to make an inspection of the site of the work.
After plaintiff had entered upon the work it was found that ledge rock was nearer to the surface than plaintiff had figured it would be from the drawings of the test pits. Plaintiff had assumed in making its bid that most of the excavation would be sand, soil, clay, with a few boulders and some ledge rock.
When plaintiff discovered that the ledge rock encountered was closer to the surface than it had assumed, notice was. given to the defendant that a claim for extra cost would be made under Article 4, Changed Conditions, which reads; as follows:
Should the contractor encounter, or the Government discover, during the progress of the work subsurface and/or latent conditions at the site materially differing from those shown on the drawings or indicated in the specifications, or unknown conditions of an unusual nature differing materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the plans and specifications, the attention of the contracting officer shall be called immediately to such conditions before they are-disturbed. The contracting officer shall thereupon promptly investigate the conditions, and if he finds that they do so materially differ the contract shall, with the written approval of the head of the department or his; duly authorized representative, be modified to provide for any increase or decrease of cost and/or difference in time resulting from such conditions.
*510 Subsequently plaintiff filed a claim with the contracting officer under this section.
An examination of this claim was made by the contracting officer and rejected on the ground that the contract covered the excavation which plaintiff was required to make. Plaintiff appealed the contracting officer’s decision to the Secretary of the Treasury who affirmed the decision.
It is conceded by plaintiff that the defendant gave all the information in its possession and gave no false information of the conditions encountered in making the test pits. However, it is claimed that “relying on the correct information as thus disclosed as being fairly typical of what might be expected in the work, the contractor actually encountered conditions greatly deviating or different from any as thus described or shown, and that the conditions as encountered constituted a ‘changed condition’ from anything that either the contractor or the Government had any reason to expect.”
It must be borne in mind that this is a lump-sum contract. All the work connected with this undertaking was to be completed for a fixed amount. General Paragraph 1 of Section 4 of the specifications reads:
All excavation, grading, sodding, etc., shall be done that is required for the completion of the work in this contract.
Plaintiff had ample notice and was warned in the specifications to visit the site of the proposed building, and the information given by the defendant before the bids were placed was simply for the purpose of letting plaintiff know of certain conditions which might be met upon excavation of the site. Defendant held nothing back from the plaintiff. There was no misrepresentation on the part of the defendant. There was simply a miscalculation on the part of the plaintiff of the difficulties to be encountered, which could readily have been ascertained by a visit to and examination of the site.
The loss sustained by plaintiff was due to encountering conditions which it had not anticipated, due to its negligence in failing to recognize the warning signs in the specifications and drawings which had been furnished to it before making its bid.
*511 The defendant is not an insurer of contractors against loss. Where a contractor has miscalculated, and, through its own negligence in not examining the site, has failed to take into consideration conditions which actually existed and which had been called to his attention in the specifications by a warning to visit the site, and sustains a loss, no claim arises. C. W. Blakeslee & Sons, Inc., v. United States, 89 C. Cls. 226, 250. Because the character of the rock was more troublesome than anticipated does not excuse the contractor from performing the excavation.
Being a lump-sum contract, the contractor was required to do all the excavation that was necessary arid, unless the defendant misrepresented the situation, or conditions arose which were unknown to either party and could not be ascertained by an examination of the site, there can be no recovery. Article 4. Changed Conditions of the contract does not apply in a situation of this nature.
The other items of the claim have not been satisfactorily proved and therefore there can be no recovery on them.
The petition is dismissed. It is so ordered.
MaddeN, Judge; JONES, Judge; Whitaker, Judge; and LittletoN, Judge, concur.